**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001047**
**09-DEC-2016**
**09:08 AM**

NO. CAAP-14-0001047

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHARLES L. BOVEE, Defendant-Appellant, and
ADAM J. APILADO, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 13-1-1748)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)

Defendant-Appellant Charles L. Bovee (**Bovee**) appeals from the July 9, 2014 Judgment of Conviction and Sentence for methamphetamine trafficking in the second degree (**Methamphetamine Trafficking 2**), in violation of Hawaii Revised Statutes (**HRS**) § 712-1240.8 (2014 Repl.), entered in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, Bovee contends the circuit court erred (1) when it instructed the jury on the elements of Methamphetamine Trafficking 2 because the instruction allegedly failed to "correctly reconcile the statutory elements of the offense"; and (2) when it instructed the jury on the elements of the lesser included charge, promoting a dangerous drug in the third degree (HRS § 712-1243 (2014 Repl.)) (**PDD 3**), for the same reason.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as

---

[1]     The Honorable Glenn J. Kim presided.

well as the relevant statutory and case law, we conclude Bovee's appeal is without merit.

> When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading. Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial. However, error is not to be viewed in isolation and considered purely in the abstract. It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled. In that context, the real question becomes whether there is a reasonable possibility that error may have contributed to conviction. If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside.

State v. Frisbee, 114 Hawai'i 76, 79-80, 156 P.3d 1182, 1185-86 (2007) (brackets omitted) (quoting State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006)).

Bovee argues that the circuit court erred when it gave its jury instruction on Methamphetamine Trafficking 2 "because (1) it failed to set out that the elements are, at a minimum, conduct and attendant circumstances; and (2) it allowed the jury to conclude guilt without finding that [Bovee] committed each element of the offense with the requisite state of mind." Bovee also argues that the circuit court erred because it did not include a state of mind instruction for "knowingly."

The circuit court instructed on Methamphetamine Trafficking 2 as follows:

> [Bovee], is charged with the offense of [Methamphetamine Trafficking 2].
>
> A person commits the offense of [Methamphetamine Trafficking 2] if he knowingly distributes methamphetamine in any amount.
>
> There is one material element of the offense of [Methamphetamine Trafficking 2], which the prosecution must prove beyond a reasonable doubt.
> The element is as follows:
>
> 1.    That on or about the 26th day of November, 2013, in the City and County of Honolulu, State of Hawaii, the Defendant distributed methamphetamine in any amount, and he was aware that he was doing so.
>
> "To distribute" means to sell, transfer, prescribe, give, or deliver to another, or to leave, barter, or exchange with another, or to offer or agree to do the same.

2

The circuit court instructed on the lesser included charge of PDD 3 as follows:

> If and only if you find [Bovee] not guilty of [Methamphetamine Trafficking 2], or you are unable to reach a unanimous verdict as to this offense, then you must consider whether [Bovee] is guilty or not guilty of the included offense of [PDD 3].
>
> A person commits the offense of [PDD 3] if he knowingly possesses methamphetamine in any amount.
>
> There is one material element of the offense of [PDD 3], which the prosecution must prove beyond a reasonable doubt.
>
> The element is as follows:
>
> 1. That on or about the 26th day of November, 2013, in the City and County of Honolulu, State of Hawaii, [Bovee] possessed methamphetamine in any amount, and he was aware that he was doing so.

The circuit court gave its jury instruction based on its reading of State v. Aganon, 97 Hawai'i 299, 36 P.3d 1269 (2001).

In Aganon, the defendant challenged her conviction for murder in the second degree, arguing in relevant part that

> the jury instructions on second degree murder were plainly erroneous inasmuch as (a) they failed to set out that the elements are conduct and result, (b) they improperly claimed that state of mind is a material element, (c) they failed to require the jury to find that the state of mind applies to each element of the offense, and (d) they allowed the jury to conclude guilt without finding that Aganon committed each element of the offense with the requisite state of mind[.]

Aganon, 97 Hawai'i at 300, 36 P.3d at 1270.

The Hawai'i Supreme Court held that the jury instruction was erroneous because it required that the jury only find the defendant intentionally or knowingly "caused the death" of the victim, which improperly combined the conduct and result elements of the offense. That is, the jury should have been instructed to find that the defendant (1) intentionally or knowingly engaged in conduct that caused the death of the victim, and (2) intended that death should result from her conduct.

The supreme court also noted that pursuant to HRS § 702-205 (2014 Repl.), the requisite state of mind for an offense is not a material element of that offense. Aganon, 97 Hawai'i at 303, 36 P.3d at 1273 ("Although the circuit court erroneously listed the requisite state of mind as a 'material

3

element,' contrary to HRS § 702-205, the error did not adversely affect Aganon's substantial rights." (internal citation omitted)); see State v. Klinge, 92 Hawai'i 577, 584 n.3, 994 P.2d 509, 516 n.3 (2000) ("[U]nder HRS § 702-205, state of mind is not an 'element' of a criminal offense.")

Pursuant to HRS § 712-1240.8, when a defendant is accused of Methamphetamine Trafficking 2, the prosecution must prove beyond a reasonable doubt that the defendant "knowingly distribute[d] methamphetamine in any amount." HRS § 712-1240.8(1). The circuit court decided that the offense constituted a single material element: conduct constituting the distribution of methamphetamine in any amount.

Regardless of whether the circuit court's jury instruction was technically correct or incorrect, the jury instruction was substantively correct and therefore was not prejudicially insufficient, erroneous, inconsistent, or misleading. For example, in Aganon, even where the trial court improperly conflated the conduct and result material elements of murder in the second degree, the supreme court observed that "the [jury instruction] error did not adversely affect Aganon's substantial rights. The court's jury instructions were consonant with the spirit of HRS § 702-204 [(2014 Repl.)], which prescribes that the requisite state of mind applies to each element of the offense. Thus, the jury instructions were substantively, if not technically, correct." Aganon, 97 Hawai'i at 303, 36 P.3d at 1273.

Bovee's main defense was that he had no knowledge of the methamphetamines in the cigarette pack. Bovee testified numerous times to that and his closing argument focused in part upon his alleged lack of knowledge as to the contents of the cigarette pack. A reasonable jury would understand that the offense required that Bovee distributed methamphetamine in any amount. The jury clearly disbelieved Bovee's testimony as to his knowledge of the methamphetamines within the cigarette pack and found him guilty of knowingly distributing those methamphetamines.

4

Bovee argues that the circuit court's jury instruction for PDD 3 was erroneous for the same reasons that the Methamphetamine Trafficking 2 instruction was erroneous, namely that "[t]he [circuit] court did not identify this attendant circumstance element[, awareness of the possession of methamphetamine,] as a separate element, nor did [the circuit court] define it for the jury."

Bovee's second alleged point of error is without merit for the same reasons underlying the first alleged point of error.

Therefore,

IT IS HEREBY ORDERED that the July 9, 2014 Judgment of Conviction and Sentence entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, December 9, 2016.

On the briefs:

Randall K. Hironaka
(Miyoshi & Hironaka)
for Defendant-Appellant.

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5